UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LUIS P.,

Petitioner,

v.

KRISTI NOEM, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement; PAMELA BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and WARDEN, ERO Ft. Snelling Detention Facility, Minnesota,

Respondents.

Case No. 26-CV-0795 (PJS/DTS)

ORDER

---

Khanh Ngoc Nguyen for petitioner.

David W. Fuller, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Luis P.'s petition for a writ of habeas corpus.[1] Luis, a citizen of Ecuador, entered the United States without inspection on or about October 28, 2024. V. Pet. ¶¶ 8, 24. Immigration and Customs Enforcement

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by first name and last initial.

("ICE") agents arrested Luis without a warrant on January 28, 2026, when Luis appeared at his ICE check-in. V. Pet. ¶¶ 1, 10.

Respondents take the position that Luis is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a). This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States after entering without inspection. This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

Respondents concede that this case is not meaningfully distinguishable from cases such as *Santos M.C.* and instead argue that those cases are wrongly decided. Respondents' argument has some force, but the Court continues to believe that the

better reading is that § 1225(b)(2) does not apply to aliens, such as Luis, who entered without inspection and are already present and living in the United States.[2]

As to remedy: The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), that an arrest warrant is a prerequisite to detention under § 1226(a). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)). The Court ordered respondents to address whether the absence of a warrant preceding Luis's arrest necessitates his immediate release. ECF No. 3 ¶ 2(e). Respondents have not addressed the issue, nor have they presented evidence that Luis was arrested pursuant to a warrant. The Court will therefore grant Luis's petition and order his release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal.

3. If petitioner is in Minnesota, respondents must immediately release petitioner from custody. If petitioner is not in Minnesota, respondents must first return petitioner to Minnesota and then immediately release him from custody.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 2, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court